UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAMAR WOODS,

    Plaintiff,

v.                                                                     Case No. 04-70413

LAMOTHE YOUNG, CITY OF                    HON. AVERN COHN
DETROIT, DETROIT POLICE DEPARTMENT,
CALVIN LEWIS, GREAT LAKES EMPIRE
AND DEVELOPMENT, INC. a/k/a
CHICAGO BLUES

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**AND DISMISSING CASE**

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Shamar Woods is suing the following defendants:

        The City of Detroit
        The Detroit Police Department
        Officer Calvin Lewis
        Officer Lamothe Young
        Great Lakes Empire and Development, Inc. a/k/a Chicago Blues

Before the Court is defendants the City of Detroit, the Detroit Police Department, and Officer Calvin Lewis' motion for summary judgment. Woods, despite numerous opportunities, has not filed a response.[1] For the reasons that follow, the motion is

---

[1]Woods is represented by counsel. Defendants filed their summary judgment motion on May 24, 2005. Woods did not file a timely response. On July 14, 2005, the

GRANTED and this case is DISMISSED.

II.

As an initial matter, the Court held a status conference with the parties on August 23, 2005. Following the conference, the Court ordered that defendants Lamothe Young and Great Lakes Empire and Development a/k/a Chicago Blues, who have not been served, be dismissed unless plaintiff files a proof of service as to these defendants within ten (10) days. Plaintiff failed to file a proof of service. Accordingly, defendants Lamothe Young and Great Lakes Empire and Development a/k/a Chicago Blues are DISMISSED. This leaves as defendants the City of Detroit, the Detroit Police Department, and Officer Calvin Lewis, who filed the pending summary judgment motion.

II.

Defendants say the undisputed material facts are as follows:

> On Saturday, November 3, 2002 at approximately 1:20 a.m.,. Police Officers Calvin Lewis and Marc Thompson were on duty, in uniform assigned to the Second Precinct. The officers were patrolling the area of W. Chicago and Greenfield when they observed a large group of people loitering in front of the Chicago Blues nightclub located at 1510 W. Chicago. Upon investigation, the officers observed a make and a female involved in a heated verbal argument. The male subject was recognized as off duty Police Officer, Lamothe Young. The female appeared to be intoxicated, and refused to identify herself. Officers Thompson and Lewis intervened in the verbal argument, separating the two individuals, both of whom refused to give any information about the incident. The investigating officers observed no physical injuries to either party involved.

---

Deputy Clerk spoke with Woods' counsel and directed a response be filed within two weeks. No response was filed. On July 27, 2005, the Court issued a notice of hearing on defendants' motion for August 31, 2005. The notice also stated that "responses are due on or before August 5, 2005, there will be no extensions granted." The August 31, 2005 hearing did not go forward; the parties instead appeared for a status conference on August 23, 2005 at which time Woods' counsel was directed to file a response. The hearing on the summary judgment motion was rescheduled to September 21, 2005. Woods did not file a response, nor did counsel appear for the September 21 hearing.

> At a later point in time, it was determined that the female was, in fact, an off duty Detroit Police Officer, who had made a claim of physical assault against Officer Young. Officer Young was charged with Aggravated Assault, stood trial and was found not guilty of the criminal offense.

Defendants' brief at p. 2.

In the complaint, Woods alleges that Young verbally and physically assaulted her, breaking her jaw. She further alleges that Lewis and the unnamed police officer (presumably Officer Thompson) and the bouncers refused to intervene and stop the attack.

### III.  Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and

significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

IV. Analysis

A. § 1983 in General

Section 1983[2] on its own creates no substantive rights; rather, it is a vehicle by which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). "To successfully establish a claim under § 1983, a claimant must show that he or she was deprived of a right secured by the Constitution and the laws of the United States by one acting under the color of law." Ahlers v. Schebil, 188 F.3d 365 (6th Cir. 1999) (internal citations omitted).

B. The Detroit Police Department

Defendants are correct that the Detroit Police Department is not a separate legal entity which is capable of being sued as it is protected by Michigan's governmental immunity statute, M.C.L. § 691.1401 et seq. See McPherson v. Fitzpatrick, 63 Mich. App. 461, 464 (1974). Thus, Woods' claims against the Detroit Police Department is

---

[2] Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

DISMISSED.

### C.  The City of Detroit

#### 1.  Federal Claim

A political subdivision is liable under § 1983 if its official policies or informal customs cause constitutional violations.  Heflin v. Stewart County, Tennessee, 958 F.2d 709, 716 (6th Cir. 1992).  A governmental entity may have liability for the same actions for which public officials enjoy qualified immunity.  Barber v. City of Salem, Ohio, 953 F.2d 232, 237-38 (6th Cir. 1992).

In order to state a claim against a municipality under § 1983, a plaintiff must show that the municipality, through custom or policy, caused the alleged constitutional violation.  Monell v. Dept. of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  A municipality cannot be vicariously liable under § 1983 for a constitutional violation caused by its employees or agents.  Id. at 694, 98 S. Ct. at 2037.  Rather, a local government can be liable under § 1983 when a government custom is "so permanent and well settled as to constitute a custom or usage with the force of law," Davenport v. Simmons, 192 F. Supp. 2d 812, 824 (W.D. Tenn. 2001), or when the government's official policy is the "moving force of the constitutional violation."  Monell at 694, 98 S. Ct. at 2037-38.  See also Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d. 452 ("municipal liability under § 1983 attaches where–and only where–a deliberate choice to follow a course of action is made from among various alternatives. . . .").

In order to show the existence of a custom or policy for purposes of municipal liability under § 1983, the plaintiff must plead specific facts in support of the claim; the

plaintiff may not merely state conclusory allegations.  Culberson v. Doan, 125 F. Supp. 2d 252, 263-64 (S.D. Ohio 2000).

Here, Woods has not identified any policies or procedures which are unconstitutional of which lead to any violation of her rights.  Accordingly, the City of Detroit is entitled to summary judgment on Woods' § 1983 claim and this claim is DISMISSED.

### 2.  State Law Claim

Woods' state tort law claim against the City of Detroit is barred by governmental immunity because the operation of the police department is a governmental function.  See M.C.L. § 691.1407(f).  Thus, this claim is DISMISSED.

### C.  Officer Calvin Lewis

Woods alleges that Lewis should have intervened to stop Young's attack.  The Court of Appeals for the Sixth Circuit has observed that "there are circumstances under which police officers can be held liable for failure to protect a person from the use of excessive force."  Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997).  "Generally speaking, a police officer who failed to act or prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring."  Id.

Here, defendants say that Lewis grabbed Woods around her waist to separate her from the situation.  Lewis cites Woods' testimony at the assault trial against Young as well as her statements to police which confirms Lewis' actions, i.e. that Lewis in fact intervened and did not injure Woods.  Woods offers no contrary evidence.  Under these

circumstances, Lewis cannot be liable under § 1983 and is therefore entitled to summary judgment.  The case as to Lewis is therefore DISMISSED.

    SO ORDERED.

                         s/Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated:  September 23, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 23, 2005, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager
                         (313) 234-5160